UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

| | | |
|---|---|---|
| RICKY ROSCOE, | } | Case No. 9:21-cv-80344 |
| PLAINTIFF | } | |
| | } | COMPLAINT FOR DAMAGES |
| v. | } | 15 U.S.C. § 1692, et seq. |
| | } | Fla. Stat. § 559.55, et seq. |
| CONVERGENT OUTSOURCING, INC., and | } | |
| T-MOBILE USA, INC.; | } | |
| DEFENDANTS | } | **JURY TRIAL REQUESTED** |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1. Plaintiff RICKY ROSCOE, through his attorney, brings this action to challenge the actions of Defendants CONVERGENT OUTSOURCING, INC. and T-MOBILE USA, INC., for unlawful conduct in connection with debt collection activity.

2. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors, like the ones described in this complaint, and to protect citizens like Plaintiff.  "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

3. After the U.S. Congress passed the FDCPA, the Florida state legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors.  To this end, the Florida state legislature passed the Florida Consumer Collections Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA").  The FCCPA was designed to protect consumers from harassment like the

type described within this complaint, and to protect consumers like Plaintiff. "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." *Id.* at § 559.552.

4. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

5. This action partially arises out of Defendant Convergent Outsourcing, Inc.'s violations of the Fair Debt Collection Practices Act (FDCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S. Code § 1692k, and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), and both Defendants' violations of the Florida Consumer Collections Practices Act (FCCPA), over which the U.S. District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6. Because Defendant Convergent Outsourcing, Inc. conducts business in the State of Florida and in this District by repeatedly contacting Florida residents and residents of this District while attempting to collect upon consumer debts, personal jurisdiction is established. Because Defendant T-Mobile USA, Inc. conducts business in the State of Florida and in this District by repeatedly offering telephonic services (among many other goods and services) to and for Florida residents and residents of this District, personal jurisdiction is established.

7. Because all tortious conduct occurred while Plaintiff resided in the City of Vero Beach, County of Indian River, and witnesses are located within such location, venue properly lies with this court.

## PARTIES AND DEFINITIONS

8. Plaintiff is a natural person.

9. Defendant Convergent Outsourcing, Inc. is a "debt collector" as such term is described by the FDCPA 15 U.S.C. § 1692a(6) because Defendant Convergent Outsourcing, Inc. used

instrumentalities of commerce within this state and District, the principal purpose of which is the collection of debts. Additionally or alternatively, Defendant Convergent Outsourcing, Inc. regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. Plaintiff was allegedly obligated to pay a "debt," as such term is described by the FDCPA, 15 U.S.C. § 1692a(5), and the FCCPA, Fla. Stat. § 559.55(6), because he was allegedly obligated to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. Specifically, Plaintiff was allegedly obligated to pay money allegedly owed for his personal [Defendant] T-Mobile cell phone account.

11. Plaintiff is a "debtor" and "consumer" as those terms are described by the FDCPA 15 U.S.C. § 1692a(3) because he was allegedly obligated to pay a debt.

## FACTUAL ALLEGATIONS

12. On January 20, 2020, Plaintiff canceled his personal [Defendant] T-Mobile service. Defendant T-Mobile indicated that they would send Plaintiff a "final bill" with the amounts owed after cancellation.

13. On February 8, 2020, Defendant T-Mobile produced for Plaintiff his final bill, which stated that Plaintiff owed $249.96 immediately for his previous billing cycle and $374.98 on February 28, 2020 for his (then) current billing cycle, which combines to $624.94.

14. On February 18, 2020, Plaintiff received from Defendant Convergent Outsourcing, Inc. a dunning letter demanding payment of $624.94 for the [Defendant] T-Mobile account described above, stating that it was "due in full."

15. On February 18, 2020, Plaintiff called Defendant T-Mobile to inquire as to what was going on. Defendant T-Mobile told Plaintiff that he was in collections and that he "should pay at least $126 now to avoid further penalty." Plaintiff did so, and again asked Defendant T-Mobile for an updated

final bill to reflect that payment.  Defendant T-Mobile told Plaintiff they "couldn't send him one" as they "have an incorrect address for him." Plaintiff informed Defendant T-Mobile that made no sense, as he was currently holding mailed correspondence that did, in fact, contain his correct address. Nevertheless, Defendant T-Mobile was unmoved.

16. On February 19, 2020, Plaintiff called Defendant T-Mobile again.  The customer service representative ("CSR") stated that the Defendant Convergent Outsourcing, Inc. dunning letter, described in paragraph 14, above, "really isn't a collection letter."  Plaintiff responded that it is, in fact, a collection letter.  The CSR then transferred Plaintiff to a supervisor, named Chris, who also stated that the letter is not really a collection letter, but "standard procedure for them."

17. Later on February 19, 2020, Plaintiff called Defendant T-Mobile again, and upon reaching a CSR, asked to speak again to the supervisor Chris.  However, the CSR this time preferred to handle the issue herself, refusing the transfer.  This CSR made substantially similar statements to the CSR described in paragraph 16, above – that the letter sent by Defendant Convergent Outsourcing, Inc. described in paragraph 14, above, was not really a collection letter but instead just standard practice. Eventually, this CSR did transfer Plaintiff to a new, unnamed supervisor, who concluded that there would be no remedy for this illegal dunning letter and that, again, it was standard practice.

18. Even later on February 19, 2020, at about 7:45 P.M., Defendant Convergent Outsourcing, Inc. made an outbound collection call to Plaintiff in an attempt to collect upon the alleged debt at issue in this case and further described in paragraph 14, above.

19. Immediately after the phone call described in paragraph 18, above, Plaintiff AGAIN called Defendant T-Mobile for the third time on February 19, 2020.  This time Plaintiff spoke to a CSR named Nicole who, like all previous CSRs, said that it was not illegal for Defendant T-Mobile USA, Inc. to cause Defendant Convergent Outsourcing, Inc. to send Plaintiff a dunning letter for debts not yet due and that it was standard practice to do so.  Eventually, Nicole transferred Plaintiff to a supervisor

named Kat, who, after at least six different people said otherwise, finally agreed with Plaintiff that Defendant Convergent Outsourcing, Inc. should not have mailed Plaintiff that dunning letter for the benefit of Defendant T-Mobile for a debt Plaintiff did not actually yet owe.  Upon information and belief, "Kat" has or had employee I.D. 3066055.

## FIRST CLAIM FOR RELIEF

**Defendant Convergent Outsourcing, Inc.'s violations of the FDCPA, 15 U.S.C. § 1692, et seq.**

20. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-19, as if fully set forth herein.

21. By communicating with Plaintiff for debt collection purposes and falsely representing the character, amount, or legal status of a debt by attempting to collect an amount from Plaintiff that Plaintiff does not actually owe, Defendant Convergent Outsourcing, Inc. has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. §1692e(2)(A).

22. By communicating with Plaintiff for debt collection purposes and using false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning Plaintiff, Defendant Convergent Outsourcing, Inc. has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. §1692e(10).

23. By communicating with Plaintiff for debt collection purposes that Plaintiff does not actually owe in the manner alleged by Defendant Convergent Outsourcing, Inc., Defendant Convergent Outsourcing, Inc. has used unfair and unconscionable means to collect or attempt to collect a debt, including the collection of an amount not expressly authorized by an agreement creating the debt or permitted by law, and has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692f(1).

24. The FDCPA provides for actual damages and for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(1-2).

25. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

26. 15 U.S.C. § 1692k(a)(1-2) entitles Plaintiff to actual damages and $1,000.00 in statutory damages for Defendant Convergent Outsourcing, Inc.'s violations of the FDCPA, 15 U.S.C. § 1692 et seq., and Plaintiff is so entitled.

27. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant Convergent Outsourcing, Inc. and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

## SECOND CLAIM FOR RELIEF

**Defendant Convergent Outsourcing, Inc.'s violations of the FCCPA, Fla. Stat. § 559.55, et seq.**

28. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-19, as if fully set forth herein.

29. By communicating with Plaintiff for debt collection purposes and claiming, attempting, or threatening to enforce a debt when Defendant Convergent Outsourcing, Inc. knows that the debt is not legitimate, Defendant Convergent Outsourcing, Inc. has engaged in illegal practices in violation of the FCCPA, Fla. Stat. § 559.72(9).

30. The FCCPA provides for actual damages and statutory damages of $1,000.00 for violation of the statute, Fla. Stat. § 559.77(2).

31. The FCCPA provides for reasonable attorney's fees and costs in any successful action, Fla. Stat. § 559.77(2).

32. The FCCPA provides for a court to impose punitive damages and such equitable relief as it deems necessary or proper, including enjoining the Defendant Convergent Outsourcing, Inc. from further violations of this part, Fla. Stat. § 559.77(2).

33. Fla. Stat. § 559.77(2) entitles Plaintiff to actual damages and $1,000.00 in statutory damages for Defendant Convergent Outsourcing, Inc.'s violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

34. Fla. Stat. § 559.77(2) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant Convergent Outsourcing, Inc. and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) Punitive damages in the maximum amount the court deems proper and may provide;

(e) And any other relief as the court deems proper and may provide.

Plaintiffs requests a jury for all claims so triable.

### THIRD CLAIM FOR RELIEF

**Defendant T-Mobile USA, Inc.'s violations of the FCCPA, Fla. Stat. § 559.55, et seq.**

35. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-19, as if fully set forth herein.

36. By communicating with Plaintiff for debt collection purposes and claiming, attempting, or threatening to enforce a debt when Defendant T-Mobile USA, Inc. knows that the debt is not legitimate, Defendant T-Mobile USA, Inc. has engaged in illegal practices in violation of the FCCPA, Fla. Stat. § 559.72(9).

37. The FCCPA provides for actual damages and statutory damages of $1,000.00 for violation of the statute, Fla. Stat. § 559.77(2).

38. The FCCPA provides for reasonable attorney's fees and costs in any successful action, Fla. Stat. § 559.77(2).

39. The FCCPA provides for a court to impose punitive damages and such equitable relief as it deems necessary or proper, including enjoining the Defendant T-Mobile USA, Inc. from further violations of this part, Fla. Stat. § 559.77(2).

40. Fla. Stat. § 559.77(2) entitles Plaintiff to actual damages and $1,000.00 in statutory damages for Defendant T-Mobile USA, Inc.'s violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

41. Fla. Stat. § 559.77(2) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant T-Mobile USA, Inc. and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) Punitive damages in the maximum amount the court deems proper and may provide;

(e) And any other relief as the court deems proper and may provide.

Plaintiffs requests a jury for all claims so triable.

Respectfully submitted this 17th day of February, 2021,

By Plaintiff's attorney: /s/ Nicholas Michael Murado
Nicholas Michael Murado
Florida Bar # 102769
Murado Law, P.A.
2010 S.W. 99th Avenue
Miramar, Florida, 33025
Telephone: 754-816-2196

E-mail: muradolaw@gmail.com